**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 96-31077

Summary Calendar

In The Matter of: PHIL H. NUGENT,

Debtor,

CARL A. DENGEL,

Appellant,

VERSUS

RESOLUTION TRUST CORPORATION, as receiver for Pelican
Homestead and Savings Association,

Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana

(96-CV-428)

April 4, 1997

Before WISDOM, KING, and SMITH, Circuit Judges.

PER CURIAM:[*]

Appellant Carl A. Dengel, trustee, appeals the district

court's affirmance of the bankruptcy court's decision.  As an

---

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

initial matter this court must consider a defect in petitioner's Notice of Appeal. The Notice of Appeal states that "Carl Dengel as trustee of Phil Nugent wishes to appeal . . ." ,but in the district court's docket entry both Phil Nugent *and* Lillian Eccles Nugent are listed as debtors. Also, petitioner's brief to this court states "Carl Dengel, as trustee for Phil & Lillian Nugent". "A notice of appeal must specify the party or parties taking the appeal by naming each appellant in either the caption or the body of the notice of appeal."[1] However, "[a]n appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice."[2] In the circumstances of this case, we find that the trustee intended to appeal on behalf of both Phil and Lillian Nugent; therefore, we consider the merits of petitioner's appeal.

We review the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*.[3] We have reviewed the record and the briefs of the parties. For the reasons set forth in the district court's Order and Reasons, the judgment of the district court is AFFIRMED.

---

[1] Fed. R. App. P. 3(c).

[2] *Id.*

[3] *In re: Delta Towers, Ltd.*, 924 F.2d 74, 76 (5th Cir. 1991); *In re: Missionary Baptist Foundation of America*, 712 F.2d 206, 209 (5th Cir. 1983).